IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SELVIN E SHAW,

    Plaintiff,

v.   CASE NO. 4:16 cv-363-MW-GRJ

CHARLES COLLINS,
and JEFFREY E LEWIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a detainee at the Leon County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983. Plaintiff also filed a "motion for demands", ECF No. 3, and a "motion to appoint side counsel," ECF No. 4. Plaintiff failed either to pay the $400.00 filing fee ($350.00 fee plus $50 administrative fee)[1] or file a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." The Court does not recommend that Plaintiff be required to correct this

---

[1] If a prisoner is granted leave to proceed *in forma pauperis* the filing fee is paid in installments totaling $350.00.

deficiency because it is clear that this case is due to be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

The Complaint reflects that Plaintiff is currently detained at the Leon County Jail on unspecified criminal charges. ECF No. 1. The Court takes judicial notice that the Leon County Jail inmate locator reflects that Plaintiff's detention stems from controlled substance offenses.[2] In the Complaint and the pending motions, Plaintiff alleges that his appointed conflict counsel has expressed racism and unprofessional behavior. Plaintiff seeks to have his counsel removed from his criminal case, for disciplinary action against his counsel, and for appointment of counsel in this case. ECF Nos. 1, 3, 4.

Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261

---

[2] *See* http://www.leoncountyso.com/tools/inmate_detail.asp

(11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*. Because Plaintiff's criminal case is ongoing, this Court should abstain from considering claims that should be resolved in the first instance by the state courts. Plaintiff's claims regarding his appointed counsel and his request for different counsel to represent him in his state criminal case are clearly claims that must be resolved in the first instance by the state courts.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the *Younger* abstention doctrine and pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be

granted, and that all pending motions be terminated.

**IN CHAMBERS**  this 5th day of July 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**